UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| MICHAEL ANDERSON, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 2:19-cv-00274-JPH-MJD ) |
| RON NEAL, Warden of the Indiana State Prison,[1] | ) ) ) ) |
| Respondent. | ) |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Michael Anderson petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number ISF 18-12-0194. For the reasons explained in this Order, Mr. Anderson's habeas petition must be **denied**.

**A.     Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt.

---

[1] Mr. Anderson states that he is now in the custody of the Warden of the Indiana State Prison in Michigan City, Indiana. Dkt. 33 at 2 (Petitioner's Reply). The **clerk is directed** to replace the current respondent, Brian Smith, with "Ron Neal, Warden of the Indiana State Prison," on the docket. *See* Fed. R. Civ. P. 25(d).

*Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

### B.     The Disciplinary Proceeding

On December 15, 2018, Indiana Department of Correction (IDOC) Correctional Officer C. Guymon wrote a Report of Conduct charging Mr. Anderson with battery, a violation of the IDOC's Adult Disciplinary Code offense A-102. The Report of Conduct states:

> On 12/15/2018 at approximately 10:45 A.M., I Officer C. Guymon #268 was conducting a strip search of Offender Anderson, Michael D.O.C. 218720 in the Porters Room strip search area. While conducting the search, the offender dropped a pill bottle on the ground at which I asked what that was. The offender didn't answer me and proceeded to ingest an unknown substance. I told the offender to put his clothes back on as he was going to segregation and proceeded to pick up the pill bottle in which I found a folded piece of paper. I attempted to open the piece of paper and Offender Anderson lunged at me in an attempt to retake possession of the paper. Suddenly a white powdery substance flew out of the paper and into my face. Officer K. Allen #220 then assisted me in gaining control of the offender and placing him on his stomach on the ground and then placing mechanical restraints on the offender. When asked what the white powder was the offender refused to say anything. Offender Anderson was escorted to HCU and evaluated by nursing staff and then sent to DRHU. Offender Anderson was also identified by his state issued I.D. and advised of this conduct report.

Dkt. 25-1.

Mr. Anderson was notified of the charge on December 28, 2018, when he received the screening report. Dkt. 25-5. He pled not guilty to the charge, asked for video evidence of the incident, but did not request witnesses. *Id.*

Correctional Sergeant Travioli, Officer Lowe, and Officer K. Allen witnessed the incident and assisted Officer Guymon. They each provided witness statements describing the incident, and each observed Mr. Anderson struggling with and shoving Officer Guymon. Dkts. 25-2, 25-3, & 25-4. The disciplinary hearing officer prepared a written report of the video evidence review.

Dkt. 25-8. Sergeant Nauman wrote that Mr. Anderson could be seen in a struggle with Officer Guymon until other officers arrived to assist and put Mr. Anderson into handcuffs. *Id.*

The disciplinary hearing was held on January 8, 2019. Mr. Anderson provided a written statement. Dkt. 25-7 at 2. In the statement he asserts procedural violations that he believes should prohibit his prosecution, challenges the witnesses' ability to view the incident, notes there was no drug testing done or drugs taken as evidence, and contended there was insufficient evidence to support the charge. *Id.*

Based on Mr. Anderson's statement, staff reports, witness statements, a confidential incident report, and the video evidence, the hearing officer found Mr. Anderson guilty of battery. Dkt. 25-7 at 1. The sanctions imposed included a ninety-nine-day earned-credit-time deprivation, and a two-level credit class demotion. *Id.*

Mr. Anderson appealed to the Facility Head and the IDOC Final Reviewing Authority, but both appeals were denied. Dkts. 25-10 & 25-11. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C. Analysis**

Mr. Anderson seeks habeas corpus relief on these grounds: (1) the charge against was fraudulent and malicious; (2) the officers conspired to deprive him of his rights; and (3) his disciplinary conviction was imposed by a single hearing officer rather than a full hearing board. Dkt. 1 at 3-4. The Court construes the first two grounds as presenting a challenge to the sufficiency of the evidence.

**Sufficiency of the Evidence**

In prison disciplinary cases, challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence'

3

logically supporting it and demonstrating that the result is not arbitrary." *Ellison,* 820 F.3d at 274; *see also Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is *any* evidence in the record that could support the conclusion reached by the disciplinary board.") (emphasis added) (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56 (emphasis added).

Mr. Anderson contends in his petition and his reply that he did not batter Officer Guymon or any of the other officers. He also asserts that the officers conspired to deny him his rights by making the false report against him when they were unable to find drugs on him or determine that he had ingested drugs. He makes other similar allegations, argues that the officers are not credible, and that the video recording does not show a battery.

These arguments would be relevant to the decision-maker at the disciplinary hearing level, but they are not argument for federal habeas corpus relief. Because the sufficiency of the evidence standard is solely whether there is *any* evidence upon which the guilty decision could rest, once such evidence is identified the Court's inquiry stops there. The Court cannot weigh competing evidence or assess its credibility because some evidence supports the hearing officer's decision. *Rhoiney*, 723 F. App'x at 348 (citing *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000)). The Court may not even "look to see if other record evidence supports a contrary finding." *Id.*

The evidence that meets the "any evidence" or "some evidence" threshold is the conduct report, the three officer witnesses' statements, and the video evidence. Even assuming that the video evidence could be subject to multiple interpretations, for the purpose of this analysis, it does

4

not affect the outcome of this action. Differing interpretations of what is seen on the video is an invitation to reweigh the evidence or assess credibility, acts this Court cannot do.

The Court also does not address the merits of Mr. Anderson's contentions that the officers conspired to violate his rights and collaborated to manufacture a false conduct report against him, because those contentions sound in civil rights and not in habeas corpus.

Habeas corpus relief on a sufficiency of the evidence claim is **denied**.

### Single Hearing Officer

Mr. Anderson's final ground for habeas corpus relief is that his disciplinary conviction was decided by a single hearing officer rather than a full board. Dkt. 1 at 4. He provides no authority for this assertion in his petition and does not address the ground in his reply. There is no federal constitutional requirement that disciplinary decisions be made by a "full board." All that is required is that the disciplinary decision maker is impartial. *Hill*, 472 U.S. at 454; *Wolff*, 418 U.S. at 563-67. Mr. Anderson's petition for habeas corpus relief on this ground is **denied**.

### Issues Raised in Reply

Mr. Anderson's reply contains a scatter-shot of issues, from the fairness of the disciplinary hearing and the impartiality of the hearing officer, the failure of the IDOC to follow state law and IDOC policy, denial of evidence, and a challenge to the definition of battery just to name a few. These issues were not presented or inferred in Mr. Anderson's petition. Dkt. 1. Issues and grounds for relief may not be raised for the first time in a reply. *Wonsey v. City of Chi.*, 940 F.3d 394, 398-99 (7th Cir. 2019) (citing *United States v. Vitrano*, 747 F.3d 922, 925 (7th Cir. 2014); *United States v. Alhalabi*, 443 F.3d 605, 611 (7th Cir. 2006). All grounds for relief argued in the December 20, 2019, reply and not first presented in the petition are **waived**.

None of Mr. Anderson's argument or authorities entitle him to habeas corpus relief. Accordingly, his petition for a writ of habeas corpus is **denied**.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Anderson to the relief he seeks. Accordingly, Mr. Anderson's petition for a writ of habeas corpus must be **denied** and this action is **dismissed** with prejudice. Mr. Anderson's motion requesting status is **denied as moot**. Dkt. [34]. Final judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 9/14/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Michael Anderson
218720
Indiana State Prison
Inmate Mail/Parcels
One Park Row
Michigan City, IN 46360

Marjorie H. Lawyer-Smith
Indiana Attorney General
marjorie.lawyer-smith@atg.in.gov